IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KEVIN TERRANCE DAVIS                                              PLAINTIFF

v.                                                          No. 4:20CV55-RP

SUPERINTENDENT M. TURNER, ET AL.                                 DEFENDANTS

ORDER *DENYING* PLAINTIFF'S MOTION [58] FOR ENTRY
OF DEFAULT AGAINST DEFENDANT DONOVAN CLARKE,
*SETTING ASIDE* CLERK'S ENTRY [59] OF DEFAULT, AND
*CORRECTING* CLERK'S NOTICE [56] OF PAST DUE ANSWER

This matter comes before the court on the motion [58] by the plaintiff for the Clerk of the

Court to enter a default against defendant Donovan Clarke.   Under Fed. R. Civ. P. 55(a):

> When a party against whom a judgment or affirmative relief is sought has failed to
> plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk
> must enter the party's default.

Fed. R. Civ. P. 55(a).

Defendant Clarke has not been properly served with process under Fed. R. Civ. P. 4(e)(1),

which states:

> Unless federal law provides otherwise, an individual – other than a minor,
> incompetent person, or a person whose waiver has been filed – may be served in a
> judicial district of the United States by … following state law for serving a summons
> in an action brought in the courts of general jurisdiction in the state where the district
> court is located or where service is made ….

Federal courts look to state law for the proper procedure regarding serving a summons.   Mississippi

Rule of Civil Procedure 4 governs serving process, and states, in relevant part:

> Any party defendant who is not an unmarried minor or mentally incompetent may,
> without filing any pleading therein, waive the service of process or enter his or her
> appearance, either or both, in any action, with the same effect as if he or she had been
> duly served with process, in the manner required by law on the day of the date thereof.

Miss. R. Civ. P. 4(e).   In this case, though defendant Donovan Clarke received the waiver of service in the mail on November 24, 2021, he did not return it to be filed with the court.   Doc. 54.   As such, he has not been served, and the plaintiff's motion [58] for entry of default is **DENIED**.

In addition, the court inadvertently entered [54] on the docket that Mr. Clarke's summons was returned executed.   Though he signed the certified mail receipt; that signature does not constitute valid service of process.   As such, the Clerk of the Court is **DIRECTED** to correct the docket to reflect only that the court received an executed certified mail receipt, not an executed summons.   In addition, the Clerk's Entry [59] of Default is **SET ASIDE**, as Mr. Clarke has not been served with process and has not made an appearance in the case.   The court will direct that process be attempted by other means as to Mr. Clarke via separate order.

**SO ORDERED**, this, the 29th day of March, 2022.

/s/    Roy Percy
UNITED STATES MAGISTRATE JUDGE